**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT COURT OF LOUISIANA**

| | |
|---|---|
| **ROBBIE FRANKS, INDIVIDUALLY AND AS THE APPOINTED REPRESENTATIVE OF THE ESTATE OF LAWRENCE FRANKS** | **CASE NO. 3:23-437** |
| **VERSUS** | **JUDGE SHELLY D. DICK** |
| **STATE NATIONAL INSURANCE COMPANY** | **MAGISTRATE JUDGE BOURGEOIS** |

---

**OPPOSITION TO MOTION TO RESET TRIAL**
**AND FOR EXPEDITED STATUS CONFERENCE**

---

NOW INTO COURT, through undersigned counsel, comes Plaintiff, Robbie Franks, individually and as the appointed representative of the Estate of Lawrence Franks, who hereby opposes the Motion to Reset Trial and For Expedited Status Conference and supporting memorandum filed by Defendant, State National Insurance Company (Rec. Docs. 20; 20-1), for the following reasons:

## I. RESET TRIAL TO EARLIER DATE

At the outset, Defendant asserts that it "would also be open to having the trial earlier."[1] In response, Plaintiff agrees to trial at an ***earlier*** date, provided one is available on the court's calendar which works for the parties. However, should this Court not allow trial at an earlier date, Plaintiff opposes Defendant's motion to continue/reset trial to a later date for the following reasons.

---

[1] Rec. Doc. 20-1, p. 3

## II. RESET TRIAL TO LATER DATE

### A. LAW

Federal Rule of Civil Procedure 16(b) provides that once a scheduling order has been entered, it may be modified only for good cause and with the judge's consent. The party seeking modification carries the burden of demonstrating good cause.[2] The good cause standard requires the party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension.[3] The four factors varying on good cause under Rule 16(b) are: (1) The explanation for the failure to timely comply with the scheduling order; (2) The importance of the modification; (3) Potential prejudice in allowing the modification; and (4) The availability of a continuance to cure such prejudice.[4]

### B. ANALYSIS

At the outset, we note that on August 14, 2023, this Court entered a Scheduling Order setting the instant matter for trial on April 28, 2025. In the instant Motion to Reset Trial, which was filed on September 23, 2024, Defendant explained that he found out "[y]esterday"—i.e., September 22, 2024—that his daughter is "getting married" during the week of trial. Defendant's counsel advised that he must attend the rehearsal dinner on May 1, 2025, the wedding on May 3, 2025, and other "wedding-related matters that week[.]"

Relative to Factor (1), Defendant's explanation for failure to timely comply with the scheduling order is that he "was not consulted regarding his daughter's wedding date and had no control over the planning of the wedding."

---

[2] *Squyres v. Heico Cos., L.L.C.*, 782 F.3d 224, 237 (5th Cir. 2015).
[3] *Id.*
[4] *Id.*

Plaintiff asserts that Defendant's explanation regarding factor (1) is not good cause because the current trial date was scheduled over one year ago on August 14, 2023. Because Defendant has known about this trial date for over one year, it is not Plaintiff's fault that Defendant's daughter scheduled her wedding during the week of trial. Further, the May 1 event is a dinner, which, of course, will not occur during the trial day. The wedding itself is on May 3—a Saturday—which is the Saturday after the trial. With regard to "other wedding events", Defendant has not provided any detail regarding the date and time of such events, and thus the Court cannot consider those mystery events.

Relative to Factor (2), Defendant's explanation for the importance of modification is that a resetting will be paramount to Defendant's case. Defendant argues that "[w]ithout a resetting, Defendant will be deprived of its right to choose its trial counsel and will be forced to proceed without an attorney who has become intimately familiar with this case."

Plaintiff asserts that Defendant's explanation regarding factor (2) is not good cause because Defendant's co-counsel—Joshua Davis—has attended nearly all of the depositions in this matter and is undoubtedly intimately familiar with the subject matter. Surely Mr. Davis is capable of handling trial should trial counsel—Frederic Fondren—be unable to attend or, as is more likely, must leave early on May 1 to attend the rehearsal dinner. Further, this case likely will not take more than four days to try, so it should be with the jury well before Mr. Fondren must leave for his daughter's party.

Relative to Factor (3), Defendant's explanation regarding potential prejudice in allowing the modification is that "[n]o prejudice" will result to Plaintiff if this Court resets the trial date

because trial is over seven months away. Defendant asserts that there will be "little, if any prejudice" because Defendant is not asking to re-open discovery or adjust other deadlines.

Plaintiff asserts that Defendant's explanation regarding factor (3) is not good cause because prejudice will indeed result to Plaintiff because Plaintiff is elderly, and this matter has been set for trial for over one year. The excess judgment that is the subject of this lawsuit was rendered on January 15, 2021, over three years ago. Mr. Lawrence Franks died without ever receiving any of the money owed to him. Mrs. Robbie Franks is herself elderly, and a delay of this trial is clearly prejudicial to her, much more so than defense counsel's supposed inability to attend a dinner, especially as defense counsel was well aware of the trial date and should have communicated that to his family.

Defendant fails to specifically address Factor (4) with respect to the ability of a continuance to cure such prejudice. All Defendant says regarding this factor is its explanation that "[d]ue to the length of time before the trial starts, a resetting will not prejudice the Court or waste the Court's resources, as plenty of time still exists for the Court to reschedule this week of trial." Plaintiff asserts that Defendant's explanation—or lack therefor—regarding factor (4) is not good cause because continuing the matter to a later date will **<u>not</u>** cure the prejudice which will result to Plaintiff.

## III. CONCLUSION

All a continuance will do is allow defense counsel to attend a party—a party that takes place at night, not during the day—which is when the trial will occur. A party is simply not good cause to continue a trial that was set over one year ago, especially in light of the age of the excess judgment and the age of the Plaintiff.

For the foregoing reasons, Plaintiff agrees to reset trial to an ***earlier*** date—i.e., before April 28, 2025. Otherwise, Plaintiff submits that "good cause" does not exist to continue and/or reset the current trial to a ***later*** date. Accordingly, Plaintiff respectfully requests this Court deny Defendant's motion to continue/reset trial to a ***later*** date.

Respectfully submitted,

**LABORDE EARLES LAW FIRM, LLC**

/s/Mary K. Cryar
**MARY K. CRYAR, Bar# 24062**
**DAVID C. LABORDE, Bar #20907**
1901 Kaliste Saloom Road
(70508) Post Office Box 80098
Lafayette, Louisiana 70598-0098
Office: 337-261-2617
Facsimile: 337-261-1934
***Attorneys for Robbie Franks***

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the above and foregoing document has been served upon all known counsel of record by electronic mail, facsimile transmission and/or United States mail, properly addressed and postage prepaid, this 24TH day of September 2024.

/s/Mary K. Cryar
**MARY K. CRYAR**