UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| ROBBIE FRANKS, INDIVIDUALLY AND ON BEHALF OF ESTATE OF LAWRENCE FRANKS | CIVIL ACTION |
| VERSUS | |
| STATE NATIONAL INSURANCE COMPANY | 23-437-SDD-RLB |

**OMNIBUS RULING**

Before the Court are multiple Motions in Limine; two Motions in Limine filed by the Plaintiff Robbie Franks, both individually and on behalf of the estate of Lawrence Franks[1] which the Defendant, State National Insurance Company ("SNIC"), oppose.[2] Defendant, SNIC, filed an Omnibus Motion in Limine[3] which the Plaintiff opposes.[4] For the reasons that follow, the Motions are granted in part and denied in part.

I.     BACKGROUND

This is a claim by the assignee of SNIC's insured to recover damages awarded by a 13th Judicial District Court jury that exceeded the limits of the applicable insurance policy issued by SNIC.[5] Plaintiff alleges that SNIC arbitrarily and capriciously failed to settle the underlying lawsuit for the policy limits, thereby exposing its insureds to an excess judgment at trial.[6] Plaintiff seeks the excess damages and penalties and

---

[1] Rec. Docs. 42, 43.
[2] Rec. Docs. 51, 52.
[3] Rec. Doc. 44.
[4] Rec. Doc. 54.
[5] The factual background is set forth in the Court's Ruling on Plaintiff's Motion for Partial Summary Judgment, Rec. Doc. 38.
[6] La. R.S. 22:1892, formerly, R.S. 22:1973(A); *Kelly v. State Farm Fire & Cas. Co.*, 2014-1921 (La. 5/5/15), 169 So. 3d 328.

attorney's fees under Louisiana law.[7] A written offer to settle for the policy limits was sent by the plaintiff in the underlying suit to SNIC's insured on January 7, 2020. The offer to settle expired by its terms on February 6, 2020. The reasonableness of an insurer's claims decisions depends on the facts known to the insurer at the time of its action.[8] The reasonableness of SNIC's claim determination not to settle turns on what SNIC claims professionals knew as of February 6, 2020.

## II. Plaintiff's Motions in Limine (Rec. Docs. 42 and 43)

Plaintiff moves for pretrial evidentiary rulings discussed in sections I.A. – I.D. below:

A. Plaintiff moves to exclude any evidence and argument that SNIC's insured driver, Larry Frank, was not at fault; that the accident did not cause Lawrence Franks' injuries and subsequent damages; that Lawrence Franks' stroke(s)—as opposed to the car accident/neck surgery—caused his balance issues; and that Lawrence Franks passed away following trial.[9]

Fault was determined by the State Court jury. The Court will exclude argument that calls into question or challenges the jury's verdict. However, evidence of the information that SNIC's claims professionals had as of February 6, 2020, is the ultimate factual inquiry and thus relevant. Objections are reserved to trial.

B. Plaintiff moves to exclude SNIC's proposed Exhibits 36, 58, 59, and 60.[10] These exhibits all postdate the relevant time period, which is on or before February 6,

---

[7] *Id.*
[8] *Lemoine v. Mike Munna, L.L.C.*, 2013-2187 (La. App. 1 Cir. 6/6/14), 148 So. 3d 205, 215 (citing *Louisiana Bag Company, Inc. v. Audubon Indemnity Company*, 08–0453 (La.12/2/08), 999 So.2d 1104, 1119).
[9] Rec. Doc. 42.
[10] Pretrial Order, Rec. Doc. 41.

2020. Accordingly, the Motion in Limine is granted and Defendant's exhibits 36, 58, 59, and 60 are excluded.

      C.    Plaintiff moves to "preclude" Defendant's Proposed Facts 1, 2, 7, 9, 10, 12, 18, and 21, listed in the Pre-Trial Order.[11] The Motion in Limine is DENIED. All evidentiary objections are reserved to the time of trial.

      D.    Plaintiff moves to deem admitted and established plaintiff's Rule 56 Statements of Undisputed Material Facts that were not disputed by SNIC in opposition to Summary Judgment.[12] The Court is persuaded by the Defendant's argument that a "judicial admission is a formal concession in a pleading that is binding on the party making it."[13] The Court declines to use its discretion to deem allegations to which the Defendant did not respond in opposition to a Rule 56 motion admitted at trial. The Motion to deem admitted is DENIED.

### III.    Defendant's Omnibus Motion in Limine (Rec. Doc. 44)

The Defendant seeks to exclude 31 enumerated categories of evidence/argument. Plaintiff concedes exclusion of Items 1, 3, 5, 8, 9,[14] 12, 15, 17, 18, 20, 22, 26 -31. The Motion in Limine is GRANTED as to those conceded by the plaintiff.

The remaining categories of evidence/argument which Defendant seeks to exclude are:

---

[11] *Id.*
[12] Rec. Doc. 43.
[13] Rec. Doc. 51, p. 1 (citing *Martinez v. Baily's Louisiana, Inc.*, 244 F.3d 474, 476 (5th Cir. 2001)). The term "pleadings" for the purposes of judicial admissions are defined by Federal Rule of Civil Procedure Rule 7(b).
[14] #9: Defendant objects to evidence of and reference to "awards made in other cases." Plaintiff concedes to the extent that this is not read to include the award made by the jury in the underlying State Court trial in this case.

#2: "[T]he mental impression, mental anguish, mental capacity or mental state of the Plaintiff and/or its owners."[15] In this case the claims of SNIC's insureds, Reliant Transportation/Reliant On Call, LLC and Larry Frank, have been assigned to Robbie Franks. Robbie Franks will be the beneficiary of any verdict. Under these circumstances the Court finds that evidence of Larry Frank's or Reliant Transportation's "the mental impression, mental anguish, mental capacity or mental state" is more prejudicial than probative and shell be excluded under FRE 401/403. The Motion in Limine as to #2 is GRANTED.

#6: "Golden Rule" evidence or argument.[16] It is axiomatic that arguments which invite jurors to place themselves in the position of the Plaintiff are inadmissible as more prejudicial than probative under FRE 403. Plaintiff objects to the motion to exclude the "Golden Rule" arguing that it is not improper when urged on the issue of ultimate liability.[17] Plaintiff argues that "[t]he Fifth Circuit and federal district courts have repeatedly recognized that the use of the Golden Rule argument is improper only in relation to damages."[18] While this distinction has been recognized, in this case, because of the posture of the assignee, the court GRANTS the defendants motion to exclude "Golden Rule" arguments as overly prejudicial.

#7: "Conscience of the Community" – arguments which implore a jury to act as a consciousness of the community.[19] The Court finds that this objection is best

---

[15] Rec. Doc. 44-1, p. 4.
[16] *Id.* at pp. 4–5.
[17] Rec. Doc. 54, p. 3.
[18] *Id*. (citing *Stokes v. Delcambre,* 710 F.2d 1120, 1128 (5th Cir.1983); *Burrage v. Harrell*, 537 F.2d 837 (5th Cir. 1976); *Hymel v. UNC, Inc.*, 68 F.3d 467 (5th Cir. 1995); *Baxter v. Anderson,* 277 F.Supp.3d 860, 863 (M.D. La. 10/4/17); *Hebert v. Prime Ins. Co.*, 2020 WL 1865952 (W.D. La. 4/13/20).
[19] Rec. Doc. 44-1, p. 5.

addressed in the context of a developed trial record. The Motion in Limine is DENIED, all objections are preserved for trial.

#10:  The Motion as to indirect Golden Rule statements[20] is GRANTED for the same reasons as set forth in #6 above.

#11:  Defendant moves to exclude argument regarding the burden of proof.[21] This Motion is GRANTED in part and DENIED in part as follows. The Court will instruct the jury on the burden of proof. The Court permits argument by counsel which reference the Court's instructions. However, the parties are admonished to refrain from repackaging or reframing the Court's instructions in oral arguments.

#13:  Defendant moves to exclude argument that suggests that the jury should "send Defendants a message" with their verdict.[22] Plaintiff opposes the Motion arguing that it is permissible to "ask the jury to send a message with respect to his request for punitive damages."[23] The cases cited by the Plaintiff in support are inapposite. In the cases cited, punitive damages were recoverable as a matter of law. In this case, the statutory penalties, while punitive in nature, are capitated by the statute.[24] Inasmuch as the law provides a ceiling on the penalty awardable, a "send a message" argument is unduly prejudicial. The Motion to exclude arguments that ask the jury to "send a message" is GRANTED.

#14:  Defendant seeks a pretrial order that no exhibits "shall be introduced unless and until such are tendered, shown or exhibited to the Court and the opposing

---

[20] *Id.*
[21] *Id.* at p. 6.
[22] *Id.*
[23] Rec. Doc. 54, pp. 6–7 (citing *Williams v. McDermott Int'l Inc.*, 2022 WL 1664552, at *3 (W.D. La. 2022); *Aikens v. Central Or. Truck Co., Inc.*, 2021 WL 4312720, at *2 (E.D. Tex. Sep. 22, 2021).
[24] La. R.S. 22:1892(I)(1)(a).

counsel outside of the presence of the jury."[25] DENIED. The objection is referred to trial. If necessary, the Court will instruct the parties on the admission of evidence at the beginning of trial, outside the presence of the jury.

#16:   Defendant moves that "[b]efore the Court rules on the law applicable to this case, no party shall make any statement of the law other than regarding the burden of proof and the basic legal definitions counsel believe to be applicable."[26] DENIED. See reasons #11 above.

#19:   Reiteration of "conscious of the community" objection (#7 above).[27]  The Motion in Limine is DENIED, all objections are preserved for trial.

#21:   Defendant asks the Court to preclude Plaintiff from referring to unadmitted documentary evidence in opening statements.[28] The Court will instruct the jury in its preliminary charge that opening statements are not evidence, and a jury is presumed to follow its instructions. The pretrial Motion is DENIED, objections are reserved to trial.

#23:   Defendant moves to exclude evidence and argument of the "setting or change in the amount of reserves."[29] Plaintiff opposes the motion. Both parties present argument and caselaw in support of their positions. The Court finds that this objection is best addressed in the context of a developed trial record. The Motion in Limine is DENIED, all objections are preserved for trial.

#24:   Defendant asks the Court for a limine order excluding "inflammatory statements at trial."[30]  This case, nor any other, can be tried before trial. The Court trusts

---

[25] Rec. Doc. 44-1, p. 6.
[26] *Id.*
[27] *Id.* at p. 7.
[28] *Id.*
[29] *Id.* at p. 8.
[30] *Id.*

that trial counsel is capable of making objections at trial. The Motion in Limine is DENIED, all objections are preserved for trial.

#25: Defendant moves to preclude "comment, statement, reference, inference or insinuation to punitive damages or awarding damages to punish SNIC."[31] As a general rule, Louisiana does not afford punitive damages unless specifically authorized by statute.[32] The penalty statute is penal and intended to punish insurance companies acting in bad faith.[33] However, the bad faith statute at issue here specifically prescribes the penalties to be assessed.[34] The jury will be asked only to deliberate and return a verdict on whether SNIC was arbitrary and capricious. If answered in the affirmative, the penalty amount is set by statute. The jury has no role in determining the penalty amount. Accordingly, to allow the Plaintiff to argue for punishment is more prejudicial than probative. The Plaintiff frankly discloses that counsel will make "arguments asking the jury to send a message to SNIC with respect to a punitive damages verdict".[35] Where, as here, the penalty is fixed by statute, argument asking the jury to punish the defendant insurer is more prejudicial than probative. The Motion in Limine is GRANTED.

IT IS SO ORDERED.

Signed in Baton Rouge, Louisiana, on August 5, 2025.

_____
**CHIEF JUDGE SHELLY D. DICK
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**

---

[31] *Id.* at pp. 8–9.
[32] *Lee v. State Farm Fire & Casualty Co.*, 636 F. Supp. 3d 704 (W.D. La. 2022); *Warren v. Shelter Mut. Ins. Co.*, 233 So. 3d 568, 586 (La. 2017August 5, 2025)
[33] *Lee*, 636 F. Supp. 3d at 709.
[34] La. R.S. 22:1892(I)(1)(a)August 5, 2025.
[35] Rec. Doc. 54, p. 10.