**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| ROBBIE FRANKS,<br>INDIVIDUALLY AND ON BEHALF<br>OF ESTATE OF LAWRENCE FRANKS | CIVIL ACTION |
| VERSUS | |
| STATE NATIONAL INSURANCE<br>COMPANY | 23-437-SDD-RLB |

**MEMORANDUM RULING**

A two-day jury trial was conducted in this matter from August 11 through August 12, 2025.[1] The parties have expressed disagreement as to the proper interpretation of the jury's verdict.[2] The Court enters this Memorandum Ruling to address the parties' arguments and rule on the proper interpretation of the verdict.

**I.   BRIEF FACTUAL BACKGROUND**

On September 13, 2017, Lawrence Franks was injured in a car accident while riding as a passenger in a van driven by Larry Frank and owned by Larry Frank's employer, Reliant On Call, LLC ("Reliant"). Lawrence Franks and his wife, Robbie Franks, filed suit in state court against Larry Frank, Reliant, and State National Insurance Company (Reliant's liability insurer) ("State National"). Prior to trial, the plaintiffs offered to settle their claims against Larry Frank and Reliant in exchange for payment of State National's policy limits of $1 million. State National rejected the offer and the state court negligence case against State National's insureds proceeded to trial. The jury found Larry Frank to be 100% at fault in causing the accident. Lawrence Franks was awarded

---

[1] Rec. Docs. 65, 68.
[2] *See* Rec. Docs. 74, 78-1.

$3,316,421.49 in general and special damages, and Robbie Franks was awarded $500,000 for loss of consortium. Thus, the total award was $3,816,421.49.

After the trial in state court, Larry Frank and Reliant executed agreements assigning their rights to pursue bad faith actions against State National to Lawrence Franks and Robbie Franks. The assignments released Larry Frank and Reliant "from any obligation to satisfy the judgment with any assets other than proceeds from the bad faith action."[3] After the death of Lawrence Franks, Robbie Franks initiated the instant bad faith action in state court against State National, which State National removed to this Court on diversity grounds. Robbie Franks, the Plaintiff in this matter, claimed that State National was in bad faith by arbitrarily and capriciously failing to settle the underlying lawsuit for the policy limits of the policy issued to Reliant, thereby exposing its insured, Reliant, and its driver, Larry Frank, to an excess judgment.[4] Importantly, Reliant and Larry Frank's claim, which Robbie Franks advanced by way of assignment, was a first party claim against State National for breach of the insurance contract.

That case proceeded to trial in this Court. The jury found that State National "breached the duty of good faith and fair dealing owed to Larry Frank and/or Reliant On Call, LLC in handling the claims of Lawrence and Robbie Franks resulting from the September 13, 2017, accident[.]"[5] Question #3 on the Verdict Form asked: "What amount of damages do you find that Larry Frank and/or Reliant On Call, LLC sustained as a result of State National Insurance Company's breach of the duty of good faith and fair dealing?"[6] The jury's answer provides:

---

[3] Rec. Doc. 1-3, pp. 13, 19.
[4] Rec. Doc. 1-3, pp. 3–8.
[5] Rec. Doc. 70, Question #2.
[6] Rec. Doc. 70, Question #3.

> "Damages equal to the amount/difference between the original judgment amount of $3,816,421 and the amount paid to date plus interest."[7]

## II. DISCUSSION

The third question of the Verdict Form tasked the jury with determining what amount of damages *Larry Frank and/or Reliant* sustained as a result of State National's bad faith. Insurers owe a duty of good faith and fair dealing to their insureds. An insured has a cause of action for penalties against their insurer if the insurer fails to pay a claim within thirty days of "receipt of satisfactory proofs of loss" and that failure is found to be "arbitrary, capricious, or without probable cause."[8] This is colloquially referred to as a "first party claim." More specifically, as it relates to this case, an "insurer may be liable for an excess judgment rendered against the insured if its refusal to settle within policy limits is found to be arbitrary or in bad faith."[9] The source of the insurer's obligation to its insured is the insurance contract. "[B]reach of contract is a condition precedent to recovery for the breach of the duty of good faith. In sum, when a breach of insurance contract fails, a bad faith claim shall likewise fail."[10] This contract-based claim is in contrast to Robbie and Lawrence Franks' claim against Reliant and its driver in the state court case, which was a negligence claim under Louisiana Civil Code article 2315.

---

[7] *Id.*
[8] *Engles v. Great Lakes Insurance SE*, 675 F.Supp.3d 702, 706 (E.D. La., 2023) (quoting La. R.S. 22:1973(A)). More specifically, as it relates to this case, an "insurer may be liable for an excess judgment rendered against the insured if its refusal to settle within policy limits is found to be arbitrary or in bad faith."
[9] *Ragas v. MGA Ins. Co.*, No. 96-2263, 1997 WL 79357, at *2 (E.D. La. Feb. 21, 1997) (citing *Keith v. Comco Ins. Co.,* 574 So. 2d 1270, 1277 (La.App. 2nd Cir. 1991)).
[10] *Q Clothier New Orleans LLC v. Twin City Fire Insurance Company*, 535 F.Supp.3d 574, 588 (E.D. La. 2021) (citing *Bayle v. Allstate Ins. Co.*, 615 F.3d 350, 363 (5th Cir. 2010) (applying Louisiana law)). *See also Smith v. Citadel Ins. Co.*, 2019-00052 (La. 10/22/19), 285 So. 3d 1062, 1071 (quoting *Fils v. Starr Indem. & Liab. Co.*, 17-896 (La. App. 3 Cir. 5/9/18), 263 So. 3d 1157, 1163, *on reh'g* (2/4/19) ("…the breach of the duty of good faith, which the insurer owes, is the breach of an obligation that flows from the insurance contract.").

It is undisputed that the state court jury awarded $3,816,421.49 to Lawrence and Robbie Franks for Reliant's driver's negligence. It is also undisputed that on June 20, 2023, State National paid Robbie Franks $1,484,316.94 in connection with the state court judgment, which is broken down as follows: remaining policy limits of $975,561.36; pre-judgment interest on the policy limits in the amount of $248,708.04; post-judgment interest on the entire judgment in the amount of $211,546.83; and costs in the amount of $48,500.71.[11] This payment was made by State National on behalf of its insured pursuant to its obligations under the insurance policy issued to Reliant.

In this case, the parties fail to agree on the verdict amount. Plaintiff first argues the jury's plain words, "original judgment amount of $3,816,421," should be ignored because it does not include pre-judgment interest on the underlying state court judgment.[12] Plaintiff argues the pre-judgment interest on the state court judgment totals $972,952.22, and that $512,987.86 of that amount remains unpaid today.[13] Thus, Plaintiff urges the Court to disregard the jury's finding that $3,816,421 was the amount of the state court judgment and replace the jury's number with $4,789,373.71 in order to include the pre-judgment interest on the state court judgment.[14] In response, Defendant argues simply that the jury's expressed verdict amount controls.[15]

In the state court matter, as a matter of Louisiana law, State National was only liable to Robbie Franks for policy limits and pre-judgment interest on the policy limits.[16] Larry Frank and Reliant were liable for the portion of the judgment exceeding the policy

---

[11] *See* Rec. Doc. 62-1.
[12] Rec. Doc. 74.
[13] *Id.*
[14] *Id.*
[15] Rec. Doc. 78-1.
[16] *See Moon v. City of Baton Rouge*, 522 So. 2d 117, 127 (La. Ct. App. 1987).

limit and pre-judgment interest on that amount. La. R.S. 13:4203 provides that "[l]egal interest shall attach from date of judicial demand, on all judgments, sounding in damages, 'ex delicto', which may be rendered by any of the courts." In the case before this Court, Robbie Franks' claim against State National, which she pursued by way of assignment, is not "ex delicto." The bad faith claim of Reliant and its driver, which Robbie Franks pursued, arises under La. R.S. 22:1973 and is based on the contractual relationship between Larry Frank, Reliant, and State National. Therefore, Plaintiff's citations to La. R.S. 13:4203, which dictates interest on judgments "ex delicto," are inapposite as this is a contract case and not a tort case.

Plaintiff argues that the award must include the pre-judgment interest imposed on the state court judgment for "Robbie Franks to be fully compensated."[17] But the question in this case is not what Robbie Franks is owed as a result of the state court verdict. The question in this case, and the precise question posed to the jury, was: "What amount of damages do you find that Larry Frank and/or [Reliant] sustained as a result of State National Insurance Company's breach of the duty of good faith and fair dealing?" Robbie Franks' entitlement to pre-judgment interest on the state court tort judgment is not before the Court in this case.

Robbie Franks is suing State National in her capacity as assignee of Larry Frank's and Reliant's statutory rights to collect penalties under La. R.S. 22:1973, if the jury finds that State National breached the duty of good faith and fair dealing owed to its insured.[18] Plaintiff cannot collect $512,987.86 in pre-judgment interest on the state court judgment

---

[17] Rec. Doc. 74, p. 2.
[18] Rec. Doc. 70, Question #2

just because it "remains unpaid today."[19] The jury in this case was asked to determine the "damages sustained" by State National's insureds, Larry Frank and Reliant. The jury plainly answered: "the amount/difference between the original judgment amount of $3,816,421 and the amount paid to date".[20] Both parties agreed on the questions asked in the Verdict Form. A plain reading of the jury's response to Question #3 is that Larry Frank and/or Reliant sustained damages in the amount of $3,816,421 minus the amount paid to date. Plaintiff essentially argues that no matter what the jury expressed on the Verdict Form, she is entitled to a specific dollar amount. The Court declines to alter the dollar amount expressed by the jury.

Second, the parties disagree on the proper interpretation of "the amount paid to date." The parties agree that on June 20, 2023, State National paid Robbie Franks $1,484,316.94 in connection with the state court judgment, which is broken down as follows: remaining policy limits of $975,561.36; pre-judgment interest on the policy limits in the amount of $248,708.04; post-judgment interest on the entire judgment in the amount of $211,546.83; and costs in the amount of $48,500.71.[21] Plaintiff suggests that costs and interest should not be included in the deduction for the "amount paid to date" because those amounts were not "actually paid on the jury verdict itself."[22] However, the jury's verdict controls, and the jury found that damages were equal to $3,816,421 minus "the amount paid to date" plus interest. The literal "amount paid to date" is $1,484,316.94, and the Court declines to disregard the jury's clear and unequivocal words in favor of Plaintiff's interpretation.

---

[19] Rec. Doc. 74, p. 3.
[20] Rec. Doc. 70, Response to Question #3.
[21] *See* Rec. Doc. 62-1.
[22] Rec. Doc. 74, p. 4.

The difference between the what the jury found to be "the original judgment amount of $3,816,421", and the actual undisputed amount paid to date of $1,484,316.94, is $2,332,104.06.

Finally, the Court addresses the "plus interest" language of the verdict. The parties agree that it was the jury's intent that interest be imposed beginning on June 20, 2023 – the date of State National's payment on the state court judgment. Plaintiff requests this interest run through August 13, 2025.[23] The Court will impose interest on the amount of $2,332,104.06 from June 20, 2023, until August 13, 2025, at the rate of interest provided by Louisiana law,[24] which totals $403,645.68.[25] The addition of this interest brings the total to $2,735,749.74.

The jury also awarded statutory penalties of $975,000.[26] This brings the total to $3,710,749.74. The Louisiana Supreme Court has held that "penalties imposed on insurers become due only after the date of their award, and interest on such penalties is due only from the date of judgment."[27] Therefore, post-judgment interest on the total award of $3,710,749.74 will run from the date of judgment until the judgment is paid. Pursuant to 28 U.S.C. § 1961(a), post-judgment interest will be imposed at the rate provided by federal law.[28]

---

[23] *Id.* at p. 2.
[24] The Court applies Louisiana substantive law. "Prejudgment interest is governed by state law in diversity cases." *Travelers Ins. Co. v. Liljeberg Enters., Inc.*, 7 F.3d 1203, 1208 (5th Cir. 1993) (citing *Concise Oil & Gas Partnership v. Louisiana Intrastate Gas Corp.,* 986 F.2d 1463, 1472 (5th Cir.1993)).
[25] The Court arrived at this number using the 2025 Louisiana Judicial Interest Calculator. *See* https://www.lsba.org/newintcalc.htm.
[26] Rec. Doc. 70, p. 2.
[27] *Sher v. Lafayette Ins. Co.*, 2007-2441 (La. 4/8/08), 988 So. 2d 186, 203, *on reh'g in part* (July 7, 2008).
[28] *See Tricon Energy Ltd. v. Vinmar Int'l, Ltd*., 718 F.3d 448, 456 (5th Cir. 2013) ("Federal law governs postjudgment interest in federal cases, including diversity cases."); *Fuchs v. Lifetime Doors, Inc.*, 939 F.2d 1275, 1280 (5th Cir. 1991) ("Postjudgment interest on money judgments recovered in federal district court is governed by 28 U.S.C. § 1961(a). This statute applies even in diversity cases.").

The Court will enter a judgment in accordance with this Memorandum Ruling.

**IT IS SO ORDERED.**

Baton Rouge, Louisiana, this  17th day of        October        , 2025.

```
                              _____
                              SHELLY D. DICK
                              CHIEF DISTRICT JUDGE
                              MIDDLE DISTRICT OF LOUISIANA
```