**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

ROBBIE FRANKS,                                                    CIVIL ACTION
INDIVIDUALLY AND ON BEHALF
OF ESTATE OF LAWRENCE FRANKS

VERSUS

                                                                 23-437-SDD-RLB

STATE NATIONAL INSURANCE
COMPANY

<u>**RULING**</u>

Before the Court is the Motion to Amend Judgment or Alternative Motion for New Trial filed by Plaintiff, Robbie Franks, individually and on behalf of the estate of Lawrence Franks.[1] Defendant, State National Insurance Company ("State National"), filed an Opposition.[2] For the following reasons, the Motion will be denied.

### I.    BACKGROUND[3]

This matter stems from a car accident which occurred on September 13, 2017. Robbie Franks, Plaintiff in this action, and her late husband, Lawrence Franks, won a jury verdict in state court against Larry Frank (driver of the vehicle found to be 100% at fault), Reliant On Call, LLC ("Reliant") (Larry Frank's employer), and State National (Reliant's liability insurer, and Defendant herein). Prior to the state court trial, State National rejected the plaintiffs' offer to settle for policy limits of $1 million. The total jury award in the state court matter was $3,816,421.49.

After the trial in state court, Larry Frank and Reliant executed agreements assigning their rights to pursue bad faith actions against State National to Lawrence

---

[1] Rec. Doc. 94.
[2] Rec. Doc. 97.
[3] The Court has laid out the factual background in greater detail in prior rulings. Rec. Docs. 38, 91.

Franks and Robbie Franks. The assignments released Larry Frank and Reliant "from any obligation to satisfy the judgment with any assets other than proceeds from the bad faith action."[4] After the death of Lawrence Franks, Robbie Franks initiated the instant bad faith action in state court against State National, which State National removed to this Court. Robbie Franks, the Plaintiff in this matter, claimed that State National was in bad faith by arbitrarily and capriciously failing to settle the underlying lawsuit for the policy limits of the policy issued to Reliant, thereby exposing its insured, Reliant, and its driver, Larry Frank, to an excess judgment.[5] The case proceeded to trial in this Court, where the jury found that State National "breached the duty of good faith and fair dealing owed to Larry Frank and/or Reliant On Call, LLC in handling the claims of Lawrence and Robbie Franks resulting from the September 13, 2017, accident[.]"[6] Question #3 on the Verdict Form asked: "What amount of damages do you find that Larry Frank and/or Reliant On Call, LLC sustained as a result of State National Insurance Company's breach of the duty of good faith and fair dealing?"[7] The jury answered:

> "Damages equal to the amount/difference between the original judgment amount of $3,816,421 and the amount paid to date plus interest."[8]

The parties expressed disagreement as to the import of the jury's language in response to Question #3. The Court ordered the parties to submit proposed Judgments accompanied by brief memoranda supporting their interpretations of the verdict.[9]

---

[4] Rec. Doc. 1-3, pp. 13, 19.
[5] *Id.* at pp. 3–8.
[6] Rec. Doc. 70, Question #2.
[7] *Id.*, Question #3.
[8] *Id.*
[9] Rec. Doc. 73.

First, the parties disagree on the starting number in the jury's calculation. Plaintiff contends that the starting number should be the original state court judgment amount of $3,816,421.49, *plus* pre-judgment interest (both paid and unpaid)[10] on that underlying state court judgment in the amount of $972,952.22, for a total of $4,789,373.71.[11] Defendant disagrees, arguing that the jury's provided number controls.[12]

Second, the parties disagree on the proper interpretation of "the amount paid to date." On June 20, 2023, State National paid Robbie Franks $1,484,316.94 in connection with the state court judgment, which included remaining policy limits, pre-judgment interest on the policy limits, post-judgment interest on the entire judgment, and costs. Plaintiff argues that the "amount paid to date" should not include any amount paid by State National that went toward costs and interest in the state court matter.[13] Defendant argues the "amount paid to date" should be interpreted literally to mean the total amount that State National paid to Robbie Franks in connection with the underlying state court judgment.[14]

After considering the parties' arguments, the Court entered a Memorandum Ruling on the proper interpretation of the verdict.[15] The Court concluded as follows:

- The jury, after considering the evidence presented by the parties throughout the trial, expressed the starting number to be $3,816,421, which should not be altered in favor of Plaintiff's interpretation of what the jury actually meant.

---

[10] According to Plaintiff, only $512,987.86 of the total interest "remains unpaid today." Rec. Doc. 74, p. 3. Nonetheless, Plaintiff requests inclusion of the entire amount of pre-judgment interest of $972,952.22.
[11] Rec. Doc. 74, pp. 2–3.
[12] Rec. Doc. 78-1.
[13] Rec. Doc. 74, p. 4.
[14] Rec. Doc. 78-1.
[15] Rec. Doc. 91.

- The jury subtracted the "amount paid to date," which is undisputedly $1,484,316.94, and this number should not be altered in favor of Plaintiff's interpretation of what the jury actually meant.

- The difference between the what the jury found to be "the original judgment amount of $3,816,421", and the actual "amount paid to date" of $1,484,316.94, is $2,332,104.06.

- With respect to the jury's "plus interest" language, the Court imposed interest on the amount of $2,332,104.06 from June 20, 2023, until August 13, 2025, at the rate of interest provided by Louisiana law, which totals $403,645.68. The addition of this interest brought the total to $2,735,749.74.

- The jury also awarded statutory penalties of $975,000, bringing the total to $3,710,749.74.

The Court entered a Judgment in accordance with these findings.[16] Now, Plaintiff moves to amend the Judgment pursuant to Federal Rule of Civil Procedure ("Rule") 59(e), or alternatively for a new trial under Rule 59(a).[17]

## II.    LAW AND ANALYSIS

### A. Standard for Motion to Alter or Amend Judgment

"Rule 59(e) relief is appropriate (1) where there has been an intervening change in the controlling law; (2) where the movant presents newly discovered evidence that was previously unavailable; or (3) to correct a manifest error of law or fact."[18] "A court should not grant Rule 59(e) relief on the basis of arguments which could, and should, have been

---

[16] Rec. Doc. 92.
[17] Rec. Doc. 94.
[18] *McAlpine v. Porsche Cars N. Am. Inc.*, 428 F. App'x 261, 263 (5th Cir. 2010) (per curiam) (citing *Schiller v. Physicians Res. Group., Inc.*, 342 F.3d 563, 567 (5th Cir. 2003)).

made before the judgment issued, and should not allow a case to be argued under a new legal theory."[19]

"A Rule 59(e) motion 'calls into question the correctness of a judgment.'"[20]  "A Rule 59(e) motion "is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment."[21] "'Manifest error' is one that 'is plain and indisputable, and that amounts to a complete disregard of the controlling law.'"[22] The Fifth Circuit has explained that reconsideration of a judgment after it has been entered under Rule 59(e) "[i]s an extraordinary remedy that should be used sparingly."[23] As this Court has stated, "[w]hile the district courts do have 'considerable discretion in deciding whether to grant or deny a motion to alter judgment,' denial of Rule 59(e) motions to alter or amend is favored."[24]

### B.  Standard for Motion for New Trial

Rule 59(a)(1)(A) of the Federal Rules of Civil Procedure states that a district court "may, on motion, grant a new trial on all or some of the issues . . . after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court." It is left to the district court's "sound discretion" as to whether it will grant or deny a motion for new trial.[25] Although Rule 59(a) does not list specific grounds for a new trial,

---

[19] *Id.* (internal citations and quotation marks omitted); *see also Banister,* 140 S. Ct. at 1703 ("[C]ourts will not address new arguments or evidence that the moving party could have raised before the decision issued.") (citations omitted).

[20] *Templet v. HydroChem Inc.*, 367 F.3d 473, 478 (5th Cir. 2004) (quoting *In re Transtexas Gas Corp.*, 303 F.3d 571, 581 (5th Cir. 2002)).

[21] *Templet*, 367 F.3d 473, 478-9(5th Cir. 2004).

[22] *Guy v. Crown Equip. Corp.*, 394 F.3d 320, 325 (5th Cir. 2004) (quoting *Venegas-Hernandez v. Sonolux Records*, 370 F.3d 183, 195 (1st Cir. 2004)).

[23] *Templet*, 367 F.3d at 479 (citing *Clancy v. Empl'rs Health Ins. Co.,* 101 F.Supp.2d 463, 465 (E.D. La. 2000)).

[24] *Brown v. Louisiana State Senate*, 2013 WL 5603232, at *1 (M.D. La. Oct. 11, 2013) (quoting *Hale v. Townley*, 45 F.3d 914, 921 (5th Cir. 1995)).

[25] *Pryor v. Trane Co.*, 138 F.3d 1024, 1026 (5th Cir. 1998).

the Fifth Circuit has held that a new trial may be granted if "the verdict is against the weight of the evidence, the damages awarded are excessive, the trial was unfair, or prejudicial error was committed in its course."[26] When a party moves for a new trial on evidentiary grounds, the court will not grant a new trial unless "the verdict is against the great weight of the evidence."[27] Ultimately, the court must view the evidence in "a light most favorable to the jury's verdict, and [ ] the verdict must be affirmed unless the evidence points so strongly and overwhelmingly in favor of one party that the court believes that reasonable persons could not arrive at a contrary conclusion."[28] "Where the jury could have reached a number of different conclusions, all of which would have sufficient support based on the evidence, the jury's findings will be upheld."[29]

### C. Discussion

### 1. The Starting Number: "original judgment amount of $3,816,421"

With respect to the starting number provided by the jury, Plaintiff argues that the "original judgment amount" must include the prejudgment interest which attached by operation of law to the state court judgment.[30] Plaintiff asserts that under Louisiana law, "legal interest in contract cases compensates delay," so interest must be included in the "original judgment amount" calculus "to ensure full compensation."[31]

The Court disagrees. Plaintiff repeatedly ignores a critical detail: the trial in this Court was about the damages sustained *by Larry Frank and Reliant* due to State National's failure to settle the state court lawsuit. The trial in this Court had nothing to do

---

[26] *Smith v. Transworld Drilling Co.*, 773 F.2d 610, 613 (5th Cir. 1985) (citations omitted).
[27] *Pryor*, 138 F.3d at 1026.
[28] *Dawson v. Wal-Mart Stores, Inc.*, 978 F.2d 205, 208 (5th Cir. 1992) (citing *Jones v. Wal-Mart Stores, Inc.*, 870 F.2d 982, 987 (5th Cir. 1989)).
[29] *Id.*
[30] Rec. Doc. 94-1, pp. 2–5.
[31] *Id.*

with compensating Robbie Franks for anything she may be owed in her own right. Robbie Franks acquired *Larry Frank's and Reliant's* rights to pursue *their* bad faith action against State National. In return, she released Larry Frank and Reliant from any obligation to satisfy the underlying state court judgment out of their own pockets, instead electing to use the potential bad faith damages *sustained by Larry Frank and Reliant* to satisfy the state court judgment. Due to this posture, Plaintiff's assertion that she, in her own right, is owed the prejudgment interest on the state court judgment is unavailing.

Plaintiff relies on the notion that the purpose of prejudgment interest is "to fully compensate the injured party for the use of the funds to which he is entitled but does not enjoy."[32] In other words, "[p]rejudgment interest serves to compensate for the loss of use of money due as damages from the time the claim accrues until judgment is entered, thereby achieving full compensation for the injury those damages are intended to redress."[33] But again, the case before this Court has nothing to do with compensating Robbie Franks for any loss of use of money in connection with the judgment awarded in state court; this case is about the damages sustained by the insureds, Larry Frank and Reliant. Thus, any prejudgment interest to which Robbie Franks may have been entitled in the state court matter is simply not relevant in the action brought before this Court.

In sum, the jury explicitly provided the starting number of $3,816,421, and Plaintiff's arguments to increase that number are not persuasive.

---

[32] *Franklin v. Regions Bank*, 125 F.4th 613, 633 (5th Cir. 2025) (citing *Sewell v. St. Bernard Par. Gov.*, No. 21-2376, 2023 WL 1765923, at *13 (E.D. La. Feb. 3, 2023) (quoting *Sharbono v. Steve Lang & Son Loggers*, 97-0110 (La. 7/1/97), 696 So.2d 1382, 1386)).
[33] *Id.* (quoting *West Virginia v. United States*, 479 U.S. 305, 310 n.2 (1987)).

## 2.  Subtraction of "the amount paid to date"

The parties agree that on June 20, 2023, State National paid Robbie Franks $1,484,316.94 in connection with the state court judgment, which is broken down as follows: remaining policy limits of $975,561.36; pre-judgment interest on the policy limits in the amount of $248,708.04; post-judgment interest on the entire judgment in the amount of $211,546.83; and costs in the amount of $48,500.71.[34]

Plaintiff rehashes her argument that costs and interest should not be included in the "amount paid to date." The Court previously rejected this argument, finding that the literal "amount paid to date" is $1,484,316.94 and declining the disregard the jury's unequivocal words in favor of Plaintiff's interpretation.[35] The Court again declines the invitation to read the jury's mind.[36]

* * *

Robbie Franks waived her ability to collect on the judgment awarded to her in state court against Larry Frank and Reliant from any assets other than proceeds from the bad faith action brought on behalf of Larry Frank and Reliant in this Court. The jury in *this* case was tasked with determining what amount of damages *Larry Frank and Reliant* sustained as a result of State National's failure to settle the state court case. The jury answered. As demonstrated by Plaintiff's Proposed Verdict Form, Plaintiff agreed to have the jury decide the dollar amount of damages sustained by Larry Frank and Reliant due to State

---

[34] Rec. Doc. 62-1.
[35] Rec. Doc. 91, p. 6.
[36] "Courts are not free to reweigh the evidence and set aside the jury verdict merely because the jury could have drawn different inferences or conclusions or because judges feel that other results are more reasonable." *Gallick v. Baltimore & O. R. Co.*, 372 U.S. 108, 115 (1963) (quoting *Tennant v. Peoria & P. U. Ry. Co.*, 321 U.S. 29, 35 (1944)). *See also Brunner v. Mar. Overseas Corp.*, 779 F.2d 296, 299 (5th Cir. 1986) (even if jury's verdict "may not achieve legal nicety," courts generally "do not have the right to second guess" a jury's answers).

National's bad faith.[37] The upshot of Plaintiff's current argument is that, no matter what the jury would have written in response to Question #3 of the Verdict Form, she is entitled to a specific amount. It was up to Plaintiff to prove these damages to the jury. The Court will not alter the jury's decision based on Plaintiff's post-trial arguments on what she is owed in order to be "fully compensated."[38]

For the foregoing reasons, relief under Rule 59 is not warranted. Accordingly, Plaintiff's Motion will be denied.

### III.    CONCLUSION

Plaintiff's Motion to Amend Judgment or Alternative Motion for New Trial[39] is DENIED.

**IT IS SO ORDERED.**

Baton Rouge, Louisiana, this __12th_ day of _____May_____, 2026.

_____
**SHELLY D. DICK**
**CHIEF DISTRICT JUDGE**
**MIDDLE DISTRICT OF LOUISIANA**

---

[37] Rec. Doc. 48, p. 2.
[38] *See OJSC Ukrnafta v. Carpatsky Petroleum Corp.*, 957 F.3d 487, 501 (5th Cir. 2020) ("[A] factfinder is not limited to the parties' damages calculations. If that were the case, a great many trial verdicts would not stand.").
[39] Rec. Doc. 94.